**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SHAWN TRAYLOR, *on behalf of himself* *and all others similarly situated*, | ) ) | |
| | ) | Civil Action No.: _____ |
| Plaintiff, | ) | |
| | ) | |
| -against- | ) | |
| | ) | |
| UNITED CASH SYSTEMS, LLC, and MCDONALD'S CORP., | ) ) | |
| | ) | |
| Defendants. | ) | |

**CLASS ACTION COMPLAINT**

For his Class Action Complaint against Defendants United Cash Systems, LLC ("United", and McDonald's Corp. ("McDonald's"), Plaintiff, Shawn Traylor ("Plaintiff"), on behalf of himself and all others similarly situated, states as follows:

**INTRODUCTION**

1.      This action arises out of Defendants' repeated violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq*. (the "Act") and Regulation E, 12 C.F.R. 205, *et seq*. (together with the Act, the "EFTA").

2.      The EFTA provides for the timing and required substance of specified disclosures to be given by an operator of an Automated Teller Machine ("ATM") to users of ATMs.

3.      The EFTA requires an ATM operator who imposes a fee on a consumer for "host transfer services" (an electronic fund transfer or balance inquiry) to provide to the consumer, at the time the service is provided, accurate notice of: (1) the imposition of a fee by such operator for providing the service; and (2) the amount of the fee charged.  *See* 15 U.S.C. § 1693b(d)(3)(A).

4.      The required notice must "be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer." 15 U.S.C. § 1693b(d)(3)(B)(i).

5.      12 C.F.R. 205.16(c)(1) similarly provides that an ATM operator must post the required notice "in a prominent and conspicuous location on or at the automated teller machine."

6.      No fee may be imposed by an ATM operator in connection with any electronic fund transfer initiated by a consumer for which a fee notice is required unless the consumer receives such notice in accordance with the EFTA. *See* 15 U.S.C. § 1693b(d)(3)(C); 12 C.F.R. 205.16(e).

7.      Plaintiff brings this action based on Defendants' imposition of a fee without providing, in a prominent and conspicuous manner, the notice required by the EFTA.

## **THE PARTIES**

8.      Plaintiff is an individual residing in Stamford, Connecticut, and is a "consumer" as that term is defined by 15 U.S.C. § 1693a(6).

9.      Defendant United Cash Systems, LLC is a Connecticut business entity, with its principal place of business at 100 Thorpe Street, Fairfield, CT, 06430, and conducts business in the state of Connecticut on a regular and consistent basis.

10.     Defendant McDonald's is a Delaware business entity, with its principal place of business at 2111 McDonald's Drive, Oak Brooke, Illinois 60523, and conducts business in the state of Connecticut on a regular and consistent basis.

11.     McDonalds and United are each an automated teller machine operator as that term is defined by 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. 205.16(a).

## **JURISDICTION AND VENUE**

12.     This Court has jurisdiction over the instant matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693, since the action arises under the EFTA.

13.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) & (c) because Plaintiff resides within the District of Connecticut, a substantial part of the events or omissions giving rise to the claim occurred in this District, and Defendants regularly conducts business in this District.

**STATEMENT OF FACTS**

14.     On or about June 16, 2012, Plaintiff withdrew funds from the ATM inside the McDonald's restaurant located at 531 Westport Avenue, Norwalk, Connecticut (the "Norwalk ATM").

15.     At the time Plaintiff used the Norwalk ATM, it was owned and operated by Defendants.

16.     At the time Plaintiff used the Norwalk ATM, a fee notice was inconspicuously posted near the bottom of the machine to the left of the currency dispensing slot.  A true and correct copy of a photograph of the Norwalk ATM is attached hereto as Exhibit A, and reproduced below:



17.     As shown in <u>Exhibit A</u>, the "Fee Notice" is placed in an inconspicuous location, at or below knee level and out of eyesight of any person accessing the Norwalk ATM.

18.     At the time Plaintiff used the Norwalk ATM, he was charged a service fee in the amount of $1.75.  A true and correct copy of Plaintiff's receipt from the Norwalk ATM is attached hereto as <u>Exhibit B</u>.

<b><u>CLASS ACTION ALLEGATIONS</u></b>

**A.  <u>The Class</u>**

19.     Plaintiff brings this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all others similarly situated.

20.     The Class of consumers that Plaintiff seeks to protect is defined as:

> **All persons who within the one year period preceding the initiation of this action were charged a transaction fee for use of the Norwalk ATM located at 531 Westport Avenue, Norwalk, Connecticut.**

**B.  <u>Numerosity</u>**

21.     Upon information and belief, Defendants have assessed thousands of illegal transaction fees through the use of the Norwalk ATM.

22.     Upon information and belief, since the date of Plaintiff's transaction at the Norwalk ATM, Defendants have not posted a conspicuous notice disclosing the amount of the service fee on the outside of the Norwalk ATM.

23.     The members of the Class are therefore believed to be so numerous that joinder of all members is impractical.

24.     Although the exact numbers and identities of class members are unknown at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes that there are hundreds of individuals throughout Connecticut who have claims identical to Plaintiff's.

Therefore, bringing the action as a class will fairly ensure the adequate representation of all who may sue.

**C.**     **Common Questions of Law and Fact**

25.     Plaintiff identifies the following questions of fact and law common to the Class which predominate any questions affecting only individual Class members:

        a)  Whether Defendants were, at all relevant times during the class period, ATM operators who imposed a fee on consumers for providing host transfer services;

        b)  Whether the Norwalk ATM provided disclosure in a prominent and conspicuous location that the ATM transaction was subject to the imposition of a specified fee; and

        c)  Whether Defendants imposed fees on consumers without notice.

26.     Defendants' conduct in failing to post the required fee notice was intended and had the effect of causing damages to Plaintiff and the other members of the Class.

**D.**     **Typicality**

27.     Plaintiff's claims are typical of the claims of the Class members since each of the claims arises from the use of an ATM owned and operated by Defendants in their regular course of business.

**E.**     **Protecting the Interests of the Class Members**

28.     Plaintiff will fairly and adequately represent the Class members, all of whom are victims of Defendants' unlawful and wrongful conduct.

29.     All of the Class members' claims arise from substantially the same course of conduct and specific activities complained of herein and require application of identical legal principles.

30.     Plaintiff has retained counsel experienced in bringing class actions and consumer class claims and who stands ready, willing and able to represent the Class and advance the costs of this litigation.

**F.      Proceeding via Class Action is Superior and Advisable**

31.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

32.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

33.     The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

34.     Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants.  Conversely, adjudications with respect to individual Class members would be dispositive of the interest of all other Class members.

35.     The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate Plaintiff and the other members of the Class.

**COUNT I**
**Violation of the EFTA, 15 U.S.C. § 1693, *et seq.*,**
**(On Behalf of All Class Members)**

36.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

37.     15 U.S.C. § 1693b(d)(3)(A) provides that any ATM operator who imposes a fee on any consumer for providing host transfer services must provide a notice stating:

> (i)     The fact that a fee is imposed by such operator for providing the service; and
>
> (ii)    The amount of any such fee.

38.     The notice required by 15 U.S.C. § 1693b(d)(3)(A) must "be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer." 15 U.S.C. § 1693b(d)(3)(B)(i).

39.     In addition, 15 U.S.C. § 1693b(d)(3)(c) provides:

> No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless:
>
> (i)     The consumer receives such notice in accordance with subparagraph (B); and
>
> (ii)    The consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

40.     To enable enforcement of the EFTA, 12 C.F.R. 205.16(b) provides:

> An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:
>
> (1) Provide notice that a fee will be imposed for providing electronic fund transfer sercices or a balance inquiry; and
>
> (2) Disclose the amount of the fee.

41.     12 C.F.R. 205.16(c) further provides:

> An automated teller machine operator must comply with the following:
>
> (1) Post the notice required by paragraph (b)(1) of this section in a prominent and conspicuous location on or at the automated teller machine

42.     In addition, 12 C.F.R. 205.16(e) states:

> An automated teller machine operator may impose an fee on a
> consumer for initiating an electronic fund transfer of a balance
> inquiry only if:
>
> (1) The consumer is provided the notices required under paragraph
>     (c) of this section; and
>
> (2) The consumer elects to continue the transaction or inquiry after
>     receiving such notices.

43.     Defendants are automated teller machine operators who provided host transfer services at all times relevant to this action.

44.     Defendants failed to comply with the EFTA in connection with providing such services to Plaintiff and the other members of the Class as the notice on the Norwalk ATM was in neither a prominent nor conspicuous location.

45.     Pursuant to the EFTA, Defendants were prohibited from imposing any fee for host transfer services because Defendants failed to provide conspicuous notice of the amount of the fee charged.

46.     Plaintiff and the other members of the Class have suffered damages as a result of Defendants' violations of the EFTA in that they were charged a fee that was not properly disclosed.

47.     Pursuant to 15 U.S.C. § 1693m, Defendants are liable to Plaintiff and the other members of the Class for the amount of actual damages incurred, as well as for statutory damages, reasonable attorney's fees and the costs of this action.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and in favor of the members of the Class and against Defendants, jointly and severally, as follows:

A)     Statutory damages pursuant to 15 U.S.C. § 1693m;

B)     Actual damages pursuant to 15 U.S.C. § 1693m;

C)      Compensatory damages;

D)      Prejudgment interest;

E)      Entry of an Order establishing a constructive trust over the wrongfully-obtained

funds in Defendants' possession and appropriate supplemental orders, including

appointment of a receiver and restrictions on distribution of such funds by

Defendants;

F)      Attorney's fees and costs pursuant to 15.U.S.C. § 1693m; and

G)      Such other and further relief this Court deems just and appropriate.

<u>JURY DEMAND</u>

PLAINTIFF DEMANDS A TRIAL BY JURY.

Dated:  July 11, 2012
        Stamford, CT

LEMBERG & ASSOCIATES L.L.C.
*Attorneys for Plaintiff*

By: ___/s/ Sergei Lemberg_____
Sergei Lemberg, Esq.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
slemberg@lemberglaw.com