IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN TRAYLOR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED CASH SYSTEMS, LLC and )<br>McDONALD'S CORP., )<br>)<br>Defendants. ) | Civil Action No. 3:12-cv-01006-MPS<br>Judge Michael P. Shea |

**DEFENDANT UNITED CASH SYSTEMS, LLC'S
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant United Cash Systems, LLC ("UCS"), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, hereby moves this Court for entry of an order which dismisses the action which alleges that an ATM operated by UCS did not have the required *on-machine* fee notice posted on or at the ATM in a "prominent" and "conspicuous" location, as the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* (the "EFTA") and its implementing regulation, 12 C.F.R. § 205 *et seq.* ("Regulation E"), had required, for lack of subject matter jurisdiction.

Plaintiff Shawn Traylor alleges that UCS had violated a statute that had required ATM operators to post on-machine fee notices on or at the ATMs disclosing whether the ATMs might charge "surcharge fees." Plaintiff does not allege that the on-machine fee notice was not posted on or at the ATM, as formerly required by the EFTA and Regulation E. It was posted as depicted in the photograph of the ATM he incorporates in his Complaint. Instead, Plaintiff alleges that an ATM operated by UCS did not have an on-machine fee notice posted in a "prominent" and "conspicuous" location, as 15 U.S.C. § 1693b(d)(3)(B)(i), and implementing regulation, 12 C.F.R. § 1005.16(c)(1) [formerly 12 C.F.R. § 205.16(c)(1)], had required. That is,

325484.3

the violation is based entirely on Plaintiff's allegation that the fee notice was not posted in a "prominent" and "conspicuous" location. In this case, he says the on-machine fee notice was posted "out of eyesight" "below knee level" "near the bottom of the [ATM]." (Compl. ¶ 16, 17.)

Plaintiff, however, does not have standing to pursue this claim any further. This is so because during the proceedings in this case, Plaintiff admitted that he did not suffer an informational or economic injury, at least one of which was required to confer Article III standing on an ATM user making a claim under the former fee-disclosure provision of the EFTA. (As amended, 15 U.S.C. § 1693b no longer requires on-machine fee notices.) First, Plaintiff did not suffer any "informational injury," because he admitted that he "does not allege that he did not see the fee notice" at the time he completed his transaction, *i.e.*, he did not fail to receive the information that the EFTA and Regulation E had required UCS to disclose in the on-machine fee notice. (Pl.'s Reply in Support of Motion for Summary Judgment (D.E. 43) at 3.)[1] As the Court observed, "because they took photographs of the ATMs 'at the time of the transaction,' *Plaintiffs had actual notice of the on-machine fee notice*." (Transcript of Hearing on Feb. 18, 2014, at 18:18-20 (emphasis added).) Second, Plaintiff expressly withdrew any claims for actual damages and, in any event, he did not detrimentally rely upon any failure to notify him of the surcharge fees, as required to suffer an actual "economic injury." This is so because he "does not allege that he did not see the fee notice" at the time he completed his transaction. (*Id.*)

As such, Plaintiff has expressly disavowed that he suffered any cognizable injury in fact sufficient to confer Article III standing. Absent an injury in fact, there is not any case or controversy for this Court to adjudicate. Accordingly, this Court should dismiss Plaintiff's claim

---

[1] Plaintiff's Reply in Support of Motion for Summary Judgment (D.E. 43) at 3, stating that Traylor "does not allege that he did not see the fee notice at the time the photograph was taken."

for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  *See Jaeger v. Cellco Partnership*, 936 F. Supp. 2d 87, 98 (D. Conn. 2013) ("if a court 'determines *at any time* that it lacks subject matter jurisdiction, the court must dismiss the action.'") (quoting *Cave v. E. Meadow Union Free School Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) (emphasis added)); *see also Kontrick v. Ryan*, 540 U.S. 443, 444 (2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time.").

Plaintiff contends that "the issue here is not whether the Plaintiff saw the fee notice, but *rather whether a reasonable person* accessing the Norwalk ATM *would see the fee notice*." (Pl.'s Reply in Support of Motion for Summary Judgment (D.E. 43) at 3 (emphasis added).)  But inasmuch as the Court did not certify a class, Plaintiff does not have standing to make claims based on mere hypothetical injuries to any "reasonable person."

Because Plaintiff did not suffer cognizable injuries in fact, and cannot assert hypothetical injuries of person allegedly similarly situated (the Court declined to certify a class), the Court should dismiss Plaintiff's Complaint for lack of standing.

UCS files a Memorandum of Law in support of its "Motion to Dismiss for Lack of Subject Matter Jurisdiction" simultaneously herewith.

325484.3

Respectfully submitted,


s/Derek W. Edwards
Derek W. Edwards (TN BPR #021455)
(Admitted *pro hac vice*)

WALLER LANSDEN DORTCH & DAVIS, LLP
Nashville City Center
511 Union Street, Suite 2700
Nashville, Tennessee  37219
Telephone:     (615) 244-6380
Facsimile:      (615) 244-6804
Email:           derek.edwards@wallerlaw.com

Alan Neigher (ISLN 904206034)
1804 Post Road East
Westport, Connecticut  06880
Telephone:     (203) 259-0599
Facsimile:      (203) 255-2570
Email:           aneigher@snet.net

*Attorneys for Defendant United Cash Systems, LLC*

325484.3

**CERTIFICATE OF SERVICE**

       I hereby certify that on July 30, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

       Sergei Lemberg, Esq.
       Lemberg & Associates, LLC
       1100 Summer Street
       Third Floor
       Stamford, Connecticut 06905
       Telephone:  (203) 653-2250
       Facsimile:  (877) 795-3666
       Email:  slemberg@lemberglaw.com

       s/Derek W. Edwards
       Derek W. Edwards (TN BPR #021455)
       (Admitted *pro hac vice*)

       WALLER LANSDEN DORTCH & DAVIS, LLP
       Nashville City Center
       511 Union Street, Suite 2700
       Nashville, Tennessee 37219
       Telephone:  (615) 244-6380
       Facsimile:  (615) 244-6804
       Email:  derek.edwards@wallerlaw.com

       Alan Neigher (ISLN 904206034)
       1804 Post Road East
       Westport, Connecticut 06880
       Telephone:  (203) 259-0599
       Facsimile:  (203) 255-2570
       Email:  aneigher@snet.net

       *Attorneys for Defendant United Cash Systems, LLC*